**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEW CINGULAR WIRELESS PCS LLC, d/b/a AT&T MOBILITY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:25-CV-1266 CMS |
| CITY OF ST. PETERS, MISSOURI, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion to Dismiss filed by Defendant City of St. Peters, Missouri (ECF No. 10). Plaintiff New Cingular Wireless PCS LLC d/b/a AT&T Mobility opposes the motion, and it is fully briefed. For the following reasons, the motion to dismiss will be denied.

## I. BACKGROUND

On May 14, 2025, Plaintiff New Cingular Wireless PCS LLC d/b/a AT&T Mobility, filed an application for a special use permit to construct a one hundred foot camouflaged monopine wireless support structure ("Proposed Tower") with Defendant City of St. Peters. ECF No. 1. Defendant held a Planning & Zoning Commission hearing on July 2, 2025, which resulted in a written recommendation of approval of AT&T's application. *Id*. at 5-6. On July 24, 2025, the Board of Aldermen held a public hearing on the application. *Id*. at 6-8. The Board of Aldermen received testimony from an AT&T representative. *Id*. at 7. Aldermen asked questions of the representative regarding the placement of the Proposed Tower, whether the Proposed Tower could be moved, the cost of the lease, and the need for the Proposed Tower. *Id*. The Board also received testimony from a real estate appraiser on the cell tower value impact study. *Id*.

Members of the public were also allowed to speak. *Id*. at 8. The Board of Aldermen ultimately voted to deny the application and later issued written Findings of Fact and Conclusions of Law. *Id*. at 8-9.

On August 22, 2025, Plaintiff filed a complaint asserting claims against Defendant arising out of Defendant's denial of Plaintiff's application for a special use permit to construct a wireless communications facility on real property located in St. Peters, Missouri. ECF No. 1. In Count V, AT&T asserts the denial of its application is a final decision in a contested case under Missouri Administrative Procedure Act (MAPA), thus entitling Plaintiff to judicial review pursuant to Mo. Rev. Stat. § 536.100.

## II. MOTION TO DISMISS

On September 29, 2025, Defendant filed its Answer to Counts I, II, III, and IV, and this Motion to Dismiss as to Count V, contending that Count V should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. Count V seeks judicial review of Defendant's decision under RSMo § 536.100. In its Motion to Dismiss, Defendant argues that the hearing before the Board of Aldermen lacked certain procedural formalities such as formal evidentiary rules, cross-examination, and sworn testimony. ECF No. 11 at 2-3. Therefore, Defendant maintains, this is not a contested case, rendering judicial review under § 536.100 unavailable. *Id*. at 3.

Plaintiff responds that the ordinance squarely meets the hearing requirement and satisfies MAPA's definition of a contested case because the ordinance mandates the Board of Aldermen provide notice, conduct a hearing on the record, review the application in light of specific criteria, make a final decision on the application, and advise the applicant in writing of its final decision. ECF No. 15 at 3. Defendant argues in its reply that Missouri law requires specific

formal procedural requirements of a hearing for contested case which were not met by the ordinance. ECF No. 16 at 3.

## III. LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 & n.3; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quotation omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2). This rule "is inapplicable to legal conclusions," which the Court may disregard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The issue in deciding a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## IV. DISCUSSION

A decision on an application for a special use permit to construct a new wireless support structure is reviewable under the Missouri Administrative Procedures Act ("MAPA"), Chapter 536 RSMo. *See 450 N. Lindbergh Legal Fund, LLC v. City of Creve Coeur, Missouri*, 477 S.W.3d 49, 52 (Mo. Ct. App. 2015). Section 536.100 RSMo provides, in part:

> Any person who has exhausted all administrative remedies provided by law and who is aggrieved *by a final decision in a contested case*, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute . . . .

Mo. Rev. Stat. § 536.100 (emphasis added).

MAPA "provides for judicial review in the circuit court for parties aggrieved by an administrative decision in two types of cases: contested and non-contested." *Nowden v. Div. of Alcohol & Tobacco Control*, 552 S.W.3d 114, 116 (Mo. 2018) (*en banc*). In its initial complaint, Plaintiff seeks judicial review of Defendant's denial of the special use permit pursuant to sections 536.100 to 536.140. The court "has authority under section 536.100 RSMo. (Supp.2013) to review final administrative agency decisions only in contested cases." *450 N. Lindbergh*, 477 S.W.3d at 52; *see also City of Valley Park v. Armstrong*, 273 S.W.3d 504, 506 (Mo. 2009) (*en banc*) ("The review of a contested case is a review by the trial court of the record created before the administrative body.").

Whether an administrative proceeding is a contested or a non-contested case is a question of law. *Nowden*, 552 S.W.3d at 117 ("The classification of a case as 'contested' or 'noncontested' is determined as a matter of law."); *Smith v. City of St. Louis*, 573 S.W.3d 705, 713 (Mo. Ct. App. 2019) ("Determining whether an administrative proceeding is a contested or non-contested case is not left to the discretion of the administrative body, but is, rather,

determined as a matter of law."). "In either a contested or a non-contested case the private litigant is entitled to challenge the governmental agency's decision." *Furlong Cos., Inc. v. City of Kan. City*, 189 S.W.3d 157, 165 (Mo. 2006) (*en banc*). "The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court." *Id.*

Though not defined in statute, a non-contested case is a decision "for which the law does not require a hearing prior to determination." *450 N. Lindbergh*, 477 S.W.3d at 52 (citing *Furlong*, 189 S.W.3d at 165). On the other hand, a contested case is defined by MAPA as (1) a proceeding before an agency (2) in which legal rights, duties or privileges of specific parties are (3) required by law to be determined (4) after hearing. Mo. Rev. Stat. § 536.010(4). This means there are essentially four components of a contested hearing, all of which must be satisfied.

First, a "proceeding" is not defined by MAPA, but a contested hearing contemplates an adversarial process. *See, e.g., St. Louis County v. State Tax Comm'n*, 608 S.W.2d 413, 414 (Mo. 1980) (*en banc*) ("element of adversity is essential to the meaning" of contested case). When a "proceeding is merely advisory and does not bind the decision-maker 'to any gauge or criteria,' then the administrative proceeding or hearing does not make the matter a contested case, and review does not fall under § 536.100." *State ex rel. Robison v. Lindley-Myers*, 551 S.W.3d 468, 472 (Mo. 2018) (*en banc*) (quoting *McCoy*, 145 S.W.3d at 428-29).

Next, neither party argues that the Board of Alderman decision did not determine legal rights, duties, or privileges at the Board hearing. Thus, Plaintiff's "legal rights . . . [were] required by law to be determined after hearing," rendering this a contested case within the

meaning of § 536.010(4). *See Halderman v. City of Sturgeon*, 670 S.W.3d 193, 204 (Mo. Ct. App. 2023), *reh'g and/or transfer denied* (May 30, 2023), *transfer denied* (July 20, 2023).

Third, the "law" in § 536.010(4) encompasses any constitutional provision, state statute, or local ordinance that mandates a hearing, so substantive law outside MAPA determines a party's right to a hearing. *McCoy v. Caldwell Cnty*., 145 S.W.3d 427, 428 (Mo. 2004) (*en banc*).

Finally, the "key to the classification of a case as contested or noncontested is the requirement for a hearing." *450 N. Lindbergh*, 477 S.W.3d at 53 (citing *Valley Park*, 273 S.W.3d at 507; *Cade v. State*, 990 S.W.2d 32, 36 (Mo. Ct. App. 1999)). The term "hearing" as it pertains to a contested case defined by § 536.010(4) means "a proceeding at which a measure of procedural formality is followed." *Valley Park*, 273 S.W.3d at 507. The parties do not dispute that the ordinance at issue requires a hearing.[1] ECF No. 15, 16. Defendant argues that the ordinance at issue falls short of the required procedural formalities, such as a witness' obligation to testify under oath and to undergo direct-examination or cross-examination, or adherence to formal rules of evidence. ECF No. 11 at 4-6.

Crucially, "[t]he operative inquiry in determining whether an administrative proceeding should be characterized as a contested or a non-contested case is 'not of what transpired at the

---

[1] Not all hearings are contested cases. *Wooldridge v. Greene City*, 198 S.W.3d 676, 684 (Mo. Ct. App. 2006) ("[T]o trigger jurisdiction for contested case review under section 536.010(2), the hearing mandated by law … also must be one 'in which legal rights, duties, or privileges of specific parties … are to be determined.'"); *McCoy*, 145 S.W.3d at 428 (Missouri Supreme Court held that the deputies' termination hearing was not a contested case because the three-person board merely made advisory findings and final authority rested solely with the sheriff.); *see also 450 N. Lindbergh*, 477 S.W.3d at 52 (Planning and Zoning Commission's hearing was not a contested case because the Commission merely made a recommendation to the City Council who made final decision to grant the conditional-use permit.); *Sanders v. City of Columbia*, 481 S.W.3d 136, 143-44 (Mo. Ct. App. 2016) (Police officer's termination is not a contested case because the evidentiary hearing through the grievance procedure only resulted in written recommendations, which the City Manager was free to ignore.).

administrative proceeding, but what the law requires for that proceeding.'"—here, what the St. Peters ordinance requires. *Metro Fill Dev., LLC v. St. Charles Cnty.*, 614 S.W.3d 582, 589 (Mo. Ct. App. 2020) (quoting *Winter Bros. Material Co. v. Cnty. of St. Louis*, 518 S.W.3d 245, 255 (Mo. Ct. App. 2017)). The ordinance requires:

> 3. Hearing And Consideration By The Board Of Aldermen. Upon receipt of a recommendation from the Planning and Zoning Commission, and after providing notice pursuant to this Section, within one hundred twenty (120) calendar days of the Planning and Zoning Commission's receipt of an application for a special use permit to construct a new wireless support structure, or for a substantial modification of a wireless support structure, or within such additional time as may be mutually agreed to by an applicant and the Administrative Officer, the Board of Aldermen shall conduct a hearing, on the record, on the application and it shall:
>
> a. Review the application in light of its conformity with this Section 405.526;
> b. Make its final decision to approve or disapprove the application; and
> c. Advise the applicant in writing of its final decision.
>
> St. Peters, Mo., Code of Ordinances § 405.526(C).

This mandates that the Board of Aldermen provide notice, conduct a hearing on the record, review the application in light of specific criteria, make a final decision on the application, and advise the applicant in writing of its final decision. *Id.* The Board of Aldermen's final decision "shall include findings of fact as well as such terms, conditions, safeguards and restrictions upon the special use as deemed necessary by the Board of Aldermen." *Id.* at § 405.526(C)(4). The ordinance also expressly affords judicial review of the Board of Aldermen's final decision. *Id.* § 405.526(E).

Though the ordinance imposes no obligation for witnesses to testify under oath or undergo direct- or cross-examination and does not require adherence to formal rules of evidence, the case law is clear that contested cases "generally" include certain procedural requirements, not that each and every procedural requirement is necessary for a hearing to be considered contested. *See Valley Park*, 273 S.W.3d at 507 (procedural formalities "generally include: notice of the

issues (section 536.067); oral evidence taken upon oath or affirmation and the cross-examination of witnesses (section 536.070); the making of a record (section 536.070); adherence to evidentiary rules (section 536.070); and written decisions including findings of fact and conclusions of law (section 536.090)."); *Winter Bros.*, 518 S.W.3d at 253 (same use of "generally"); *450 N. Lindbergh*, 477 S.W.3d at 53-54 (same); *Sapp v. City of St. Louis*, 320 S.W.3d 159, 163 (Mo. Ct. App. 2010) (same); *In Matter of Kan. City Power & Light Co.'s Request for Auth. to Implement a Gen. Rate Increase for Elec. Serv. v. Mo. Pub. Serv. Comm'n*, 509 S.W.3d 757, 784 (Mo. Ct. App. 2016); *Cade v. State*, 990 S.W.2d 32, 37 (Mo. Ct. App. 1999) (same).

Further, the ordinance requires that, upon receipt of an application for a special use permit to construct a new wireless support structure, the Board of Aldermen "shall" conduct a hearing. St. Peters, Mo., Code of Ordinances § 405.526(C); *cf. BBCB, LLC v. City of Indep.*, 201 S.W.3d 520, 527-28 (Mo. Ct. App. 2006) ("in using the term "may" in [the ordinance], it is clear that the City intended that… [agency] was permitted but was not required to conduct a hearing. As such, in accordance with § 536.010(4), defining a contested case, for purposes of MAPA, the hearing provided for in [the ordinance] is not a contested case.").

Defendant relies on several cases, which are easily distinguished. First, in *Winter Bros.*, the ordinances did not require a recorded hearing, sworn witnesses subject to direct- and cross-examination, formal evidentiary rules, or written findings of fact and conclusions of law. 518 S.W.3d at 254. In fact, nothing in the ordinances in *Winter Bros*. identified requirements for conducting the hearing, and therefore that was not a contested case. *Id.* Similarly in *450 N. Lindbergh*, the ordinances at issue did not identify any requirements for conducting the hearing, did not require the hearing to be on the record, and did not require the city council to render

written findings of fact and conclusions of law, and therefore the hearing was not contested. 477 S.W.3d at 54.

Here, by contrast, the ordinance clearly requires the Board to provide notice of the hearing, conduct a hearing on the record, review the application in light of specified criteria, render a final decision on the application, advise the applicant in writing of its final decision, and include in its written decision "findings of fact as well as such terms, conditions, safeguards and restrictions upon the special use as deemed necessary by the Board of Aldermen." St. Peters, Mo., Code of Ordinances § 405.526(C)(3)-(4).

This Court concludes that the Board of Aldermen conducted a proceeding in which Plaintiff's legal rights, duties or privileges were determined by law after a hearing with certain MAPA procedural formalities, and thus the case is contested.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Peters, Missouri's Motion to Dismiss (ECF No. 10) is **DENIED.**

So Ordered this 5th day of December, 2025.

**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**